IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LEONARD CERNIK, | ) | |
| | ) | 4:10CV3133 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| STATE OF NEBRASKA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Leonard Cernik has filed a complaint (filing 1) requesting monetary damages and alleging that his employer, defendant State of Nebraska, discriminated against him when it denied 57-year-old Cernik a promotion due to his age.  I shall liberally construe Plaintiff's complaint to assert a claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 to 634, as has the State's counsel.[1] Pending before me is the State's motion to dismiss (filing 6) for the reason that the State possesses sovereign immunity from suit under the Eleventh Amendment.[2]

---

[1] Plaintiff's complaint erroneously cites 42 U.S.C. § 621 as a basis for this court's jurisdiction. Section 621 describes the purposes behind a child welfare services program and is clearly not related to Plaintiff's age discrimination claim.  I note that Plaintiff's counsel made the same mistake in another case before this court. See *Thurber v. State of Nebraska*, No. 4:06CV3174, 2006 WL 3392191, at *1 n.2 (D. Neb. Oct. 26, 2006) (construing amended complaint liberally to contain ADEA claim when complaint clearly asserted age discrimination claim, but failed to cite statutory authority to support such a claim).  Counsel is strongly advised to proofread future pleadings before submitting them to this court.

[2] The State has filed its motion to dismiss under Fed. R. Civ. P. 12(b)(6). However, because the sole issue here is jurisdictional—that is, whether Eleventh Amendment sovereign immunity bars Plaintiff's ADEA claim against the State of Nebraska—I shall view the State's 12(b)(6) motion as one for dismissal based on the

(Filing 7.)

The Eleventh Amendment[3] provides states and their agencies with immunity from suits brought by state citizens and by citizens of other states. However, this immunity is not absolute.

> A state may waive its immunity either by explicitly specifying its intention to subject itself to suit or by voluntarily participating in federal spending programs where Congress expressed a clear intent to condition receipt of federal funds on a state's consent to waive its sovereign immunity. A waiver of Eleventh Amendment immunity as a condition of the receipt of federal funds should be found only where stated by the most expressive language or by such overwhelming implication from the text as will leave no room for any other reasonable construction.

*Doe v. Nebraska*, 345 F.3d 593, 597-98 (8th Cir. 2003) (internal quotations, citations & brackets omitted).

---

lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). *Jones v. United States*, 255 F.3d 507, 511 (8th Cir. 2001) ("it is axiomatic that . . . sovereign immunity implicates our subject matter jurisdiction" and "in cases implicating subject matter jurisdiction, federal courts are obliged to raise the issue sue sponte even where the parties themselves have failed to do so"); *Long v. Area Manager, Bureau of Reclamation*, 236 F.3d 910, 916 (8th Cir. 2001) (noting that question of subject matter jurisdiction like Eleventh Amendment immunity may be raised sua sponte at any time); *Brown v. United States*, 151 F.3d 800, 804 (8th Cir. 1998) (when sole question was whether suit was barred by sovereign immunity, issue was one of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1)).

[3]The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

Plaintiff does not dispute that "Congress did not validly abrogate the States' sovereign immunity to suits by private individuals" in the ADEA. *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 91 (2000). See also *Fromm v. Commission of Veterans Affairs*, 220 F.3d 887 (8th Cir. 2000) (ADEA claim against state agency barred by Eleventh Amendment); *Cammarata v. Board of Regents*, No. 8:08CV130, 2009 WL 3297509, at *4 (D. Neb. Oct. 13, 2009) (states and their agencies enjoy Eleventh Amendment immunity from claims for money damages under ADEA); *Glass v. Doe*, No. 8:06CV558, 2007 WL 2410542 (D. Neb. Aug. 21, 2007) (dismissing ADEA claim against state agency based on Eleventh Amendment immunity); *Mustafa v. State of Nebraska Dep't of Correctional Svs.*, 196 F. Supp. 2d 945, 955 (D. Neb. 2002) ("ADEA claims against states are barred by the Eleventh Amendment").

Rather, Plaintiff argues that because he works for the State of Nebraska Department of Roads, and because "the State of Nebraska has accepted [public] funds" pursuant to 42 U.S.C. § 3121, the State has waived its immunity from suit. (Filing 11 at CM/ECF p. 4.)[4] However, the statute cited by Plaintiff as evidence that the State of Nebraska has waived its sovereign immunity against ADEA claims due to its receipt of federal funds—42 U.S.C. § 3121—consists of congressional "findings and declarations" regarding economic development in distressed communities, including "creating an environment that promotes economic activity by improving and expanding public infrastructure." 42 U.S.C. § 3121(a)(3)(A).

Nowhere in this statute has "Congress expressed a clear intent to condition

---

[4]Without any explanation, rationale, or argument, Plaintiff's brief in opposition to Defendant's motion to dismiss also cites 42 U.S.C. § 6727, which gives the United States Attorney General standing to bring suit against state or local governmental units for discriminatory administration of federally funded programs. I shall not attempt to intuit counsel's argument with regard to this statute. See NECivR 7.0.1(a)(1)(A) ("A party's failure to brief an issue raised in a motion may be considered a waiver of that issue.").

receipt of federal funds on a state's consent to waive its sovereign immunity," nor does the statute mention waiver of Eleventh Amendment immunity with "the most expressive language or by such overwhelming implication from the text as will leave no room for any other reasonable construction." *Doe v. Nebraska*, 345 F.3d at 597-598 (internal quotations, citations & brackets omitted).[5] Therefore, I decline to find that the State of Nebraska has waived its Eleventh Amendment immunity to Plaintiff's ADEA claim based on its alleged receipt of federal funding under 42 U.S.C. § 3121. *See Sullivan v. University of Texas*, No. 05-21050, 2007 WL 519744 (5th Cir. 2007) (state agency did not waive Eleventh Amendment immunity from ADEA claim by state's general acceptance of federal funding); *McGinty v. State of New York*, 251 F.3d 84 (2nd Cir. 2001) (district court lacked subject matter jurisdiction over ADEA claims because of Eleventh Amendment sovereign immunity; state's mere participation in federal program providing financial assistance did not establish state's consent to be sued in federal court; plaintiffs failed to identify statutory source of federal funding which contained unmistakably clear abrogation of immunity); *Hasty v. Nebraska Dep't of Educ.*, No. 4:09CV3196, 2010 WL 1552855, at *4 (D. Neb. Apr. 15, 2010) (state agencies would not waive Eleventh Amendment immunity from ADEA claims by accepting federal funding); *Skalafuris v. City University of New York*, No. 09 Civ. 5693(SAS), 2010 WL 1050299 (S.D.N.Y. Mar. 22, 2010)

---

[5]Plaintiff also relies on *Doe v. Nebraska*, 345 F.3d 593 (8th Cir. 2003), for the proposition that "if a stat [sic] agency accepts public finding [sic] that states it is subject to the age discrimination code, then said State has waived its immunity from suit under said provision." (Filing 11 at CM/ECF p. 4.) While *Doe* contains a helpful description of Eleventh Amendment immunity, that case involved a discrimination claim under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the specific language in 42 U.S.C. § 2000d-7 that "[a] State shall not be immune under the Eleventh Amendment . . . from suit in Federal court for a violation of section 504 of the Rehabilitation Act." In contrast, Plaintiff's claim in this case is one under the ADEA. I note that Plaintiff's counsel unsuccessfully made this same argument to United States District Judge Laurie Smith Camp in another ADEA case, *Thurber v. State of Nebraska*, No. 4:06CV3174, 2006 WL 3392191, at *4 n.6.

(state college was immune to ADEA claim under Eleventh Amendment, as plaintiff failed to identify statute expressly subjecting state to suit under ADEA by accepting federal funds); *Fikse v. State of Iowa*, 633 F. Supp. 2d 682 (N.D. Iowa 2009) (ADEA does not condition receipt of federal funds on waiver of sovereign immunity; state agency was immune from ADEA suit under Eleventh Amendment); *Grizzle v. Oklahoma Dep't Veterans Affairs*, No. CIV-06-210-SPS, 2006 WL 3227880 (E.D. Okla. Nov. 2, 2006) (dismissing ADEA claim against state agency for lack of subject matter jurisdiction because agency was immune from suit under Eleventh Amendment; although Congress can condition receipt of federal funds on waiver of sovereign immunity, it has not done so in ADEA); *Brown v. Washington Metro Area Transit Auth.*, No. Civ. A. DKC 2005-0052, 2005 WL 1941630 (D. Md. Aug. 12, 2005) (ADEA claim against entity created by multi-state compact barred by Eleventh Amendment sovereign immunity despite entity's acceptance of federal transportation funds; pursuant to its spending power, Congress may condition grant of funds upon actions it could otherwise not force states to make, but that principle does not apply to ADEA, which is not a spending statute).

Therefore, Plaintiff's ADEA claim against defendant State of Nebraska is barred by Eleventh Amendment immunity, this court lacks subject matter jurisdiction over this matter, and the State's motion to dismiss must be granted.

IT IS ORDERED:

1. The motion to dismiss (filing 6) filed by defendant State of Nebraska is granted;

2. This case is dismissed for lack of subject matter jurisdiction because the defendant is immune from suit pursuant to the Eleventh Amendment;

3. Judgement shall be entered by separate document.

DATED this 14th day of October, 2010.

> BY THE COURT:
> *Richard G. Kopf*
> United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.